## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT

_____

In re:

HO WAN KWOK, *et al.*,

                   Debtor.

_____

LUC A. DESPINS, Chapter 11 Trustee,

                Plaintiff,

     v.

ACA CAPITAL GROUP LTD., et al.,

                Defendants.

_____

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)

Adv. Pro. No. 24-05249 (JAM)


**MEMORANDUM OF LAW IN SUPPORT OF MOTION, BY DEFENDANTS HAMILTON CAPITAL HOLDING LIMITED, HAMILTON INVESTMENT MANAGEMENT LIMITED, HAMILTON OPPORTUNITY FUND SPC, AND WILLIAM JE, TO DISMISS COMPLAINT**


LAZARE POTTER GIACOVAS & MOYLE LLP
Michael T. Conway, Esq.
747 Third Avenue, 16th Floor
New York, NY 10017
Telephone: (917) 242-1597
mconway@lpgmlaw.com

*Counsel for Hamilton Capital Holding Limited,
Hamilton Investment Management Ltd.,
Hamilton Opportunity Fund SPC, and William Je*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

I.    PRELIMINARY STATEMENT ........................................................................................ 1

II.   ARGUMENT...................................................................................................................... 4

   A.    COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS ............... 4

     1. LEGAL STANDARD.................................................................................................... 4

     2. TRUSTEE FAILS TO MAKE A PRIMA FACIE SHOWING THAT THIS COURT HAS GENERAL PERSONAL JURISDICTION OVER THE DEFENDANTS.............................................................................................................. 5

     3. TRUSTEE FAILS TO MAKE A PRIMA FACIE SHOWING THAT THIS COURT HAS SPECIFIC PERSONAL JURISDICTION OVER THE DEFENDANTS.............................................................................................................. 8

   B.    TRUSTEE LACKS STANDING ................................................................................... 11

   C.    THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(6) BECAUSE TRUSTEE FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ......................................................................................... 12

     1. PLEADING STANDARD............................................................................................ 12

     2. COMPLAINT MUST BE DISMISSED AGAINST WILLIAM JE BECAUSE IT DOES NOT ADEQUATELY PLEAD A CLAIM AGAINST HIM ...................... 13

     3. COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT ADEQUATELY PROVIDE GROUNDS FOR TRUSTEE'S ENTITLEMENT TO THE RELIEF HE SEEKS.................................................................................... 15

     4. COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT ADEQUATELY PLEAD BENEFICIAL OWNERSHIP UNDER FOREIGN LAW ................................................................................................................................ 17

     5. COMPLAINT DOES NOT ADEQUATELY PUT THE DEFENDANTS ON NOTICE OF THE GROUNDS FOR THE CLAIMS AGAINST THEM.................... 20

III.  CONCLUSION.................................................................................................................. 22

TABLE OF AUTHORITIES

Page(s)

Cases

*Arista Recs., LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010)................................................................................. 19

*Asahi Metal Industry Co. v. Superior Court*,
    480 U.S. 102 (1987)........................................................................................... 9

*ASARCO LLC v. Americas Mining Corp.*,
    396 B.R. 278 (S.D. Tex. 2008) ......................................................................... 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................... 13, 15, 19

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
    902 F.2d 194 (2d Cir. 1990)............................................................................... 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................... passim

*Carroll v. Fort James Corp.*,
    470 F.3d 1171 (5th Cir. 2006) .......................................................................... 21

*Chaiken v. VV Pub. Corp.*,
    119 F.3d 1018 (2d Cir. 1997)............................................................................. 9

*Chew v. Dietrich*,
    143 F.3d 24 (2d Cir.1998).................................................................................. 4

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)............................................................................... 5, 6, 7, 8

*Desarrolladora Farallon S. de R.L. de C.V. v. Cargill Fin. Servs. Int'l, Inc.*,
    666 F. App'x 17 (2d Cir. 2016) ........................................................................ 16

*DiStefano v. Carozzi N. Am., Inc.*,
    286 F.3d 81 (2d Cir. 2001)................................................................................. 5

*Dove v. Fordham Univ.*,
    56 F. Supp. 2d 330 (S.D.N.Y. 1999)................................................................ 14

*Fed. Nat'l Mortg. Ass'n v. Cobb*,
    738 F. Supp. 1220 (N.D. Ind. 1990) ................................................................ 21

ii

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011) ............................................................................................. 6, 9

*Gucci Am., Inc. v. Weixing Li,*
    768 F.3d 122 (2d Cir. 2014) ............................................................................... 5, 6

*Hanson v. Denckla,*
    357 U.S. 235 (1958) ................................................................................................ 9

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984) ................................................................................................ 5

*Hinton v. Trans Union, LLC,*
    654 F. Supp. 2d 440 (E.D. Va. 2009) .................................................................. 21

*In re Celotex Corp.,*
    124 F.3d 619 (4th Cir. 1997) ................................................................................. 4

*In re Kwok,* No. *22-50073 (JAM), Adv. P. No. 23-05008 (JAM),*
    2024 WL 4100401 (Bankr. D. Conn. Apr. 3, 2024) ....................................... 17, 18

*In re Williams,*
    264 B.R. (Bankr. D. Conn. 2001) ....................................................................... 4, 5

*Int'l Shoe Co. v. Wash.,*
    326 U.S. 310 (1945) ................................................................................................ 5

*Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,*
    650 B.R. 5 (Bankr. S.D.N.Y. 2023) .................................................................... 16

*J. McIntyre Machinery, Ltd. v. Nicastro,*
    564 U.S. 873 (2011) ................................................................................................ 9

*Kavanagh v. Zwilling,*
    578 F. App'x 24 (2d Cir. 2014) ........................................................................... 12

*Macklin v. Butler,*
    553 F.2d 525 (7th Cir. 1977) ............................................................................... 21

*Melnick v. Adelson-Melnick,*
    346 F. Supp. 2d 499 (S.D.N.Y. 2004) .................................................................. 5

*Morgan v. LeClaire,*
    No. 08-CV-04867 (BMC), 2008 WL 5377952 (E.D.N.Y. Dec. 23, 2008) ............ 14

*Park City Water Auth. v. N. Fork Apartments, L.P.,*
    2010 WL 5463814 n.10 (S.D. Ala. Dec. 29, 2010) .............................................. 21

*Picard v. Estate (Succession) of Igoin*,
  525 B.R. 871 (Bankr. S.D.N.Y. 2015) .................................................................. 10

*Rene v. Citibank NA*,
  32 F. Supp. 2d 539 (E.D.N.Y. 1999) ..................................................................... 14

*Rivera v. Carroll*,
  No. 07 Civ. 7847, 2009 WL 2365240 (S.D.N.Y. Aug. 3, 2009) ............................ 14

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
  750 F.3d 221 (2d Cir. 2014) ................................................................................... 6

*United States v. Int'l Longshoremen's Ass'n*,
  518 F. Supp. 2d 422 (E.D.N.Y. 2007) ................................................................... 21

*Walden v. Fiore*,
  571 U.S. 277 (2014) ................................................................................................ 9

*Waldman v. Palestine Liberation Org.*,
  835 F.3d 317 (2d Cir. 2016) .......................................................................... 5, 8, 9

Statutes

11 U.S.C. 541, 542 and 544 ...................................................................................... 11

11 U.S.C. § 541, and (2) ........................................................................................... 11

11 U.S.C. § 544 ......................................................................................................... 11

Title 18, United States Code, Section 1957(f)(1 ) ...................................................... 8

Rules

Fed. R. Bankr. P. 7004(f) ............................................................................................ 4

Fed. R. Bankr. P. 7008 & 7010 .................................................................................. 2

Fed. R. Bankr. P. 7010 .............................................................................................. 20

Fed. R. Bankr. P. 7012 ................................................................................................ 4

Fed. R. Bankr. P. 9017 .............................................................................................. 16

Fed. R. Civ. P. 8 ................................................................................................. passim

Fed. R. Civ. P. 10 ....................................................................................................... 2

Fed. R. Civ. P. 10(c) ................................................................................................. 20

iv

Fed. R. Civ. P. 12(b)(2).................................................................................................... 4

FED. R. CIV. P. 12(B)(6) ............................................................................................. 12

Fed. R. Civ. P. 44.1 ................................................................................................... 16

Federal Rule of Civil Procedure 8(a)(2) .................................................................... 12

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure ......................................... 1

Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ........................... 1

Defendants Hamilton Capital Holding Limited, Hamilton Investment Management Ltd. and Hamilton Opportunity Fund SPC (collectively, the "Hamilton Entities"), and William Je ("Mr. Je") (collectively, the Hamilton Entities and Mr. Je are "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion to dismiss ("Motion"), with prejudice, the Complaint [ECF No. 1] (the "Complaint") of plaintiff Luc A. Despins, Chapter 11 Trustee (the "Trustee") of Ho Wan Kwok (the "Debtor"), pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (as incorporated by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure).

## I.    PRELIMINARY STATEMENT

According to the Trustee, virtually every single company and person that has ever come into contact with the Debtor is the "alter ego" of, or somehow holding assets for the benefit of, the Debtor.  Based on this unsupported, and unfounded, position, the Trustee now seeks to have dozens of companies' assets become part of the Debtor's estate. To wit, the Complaint (one of the many "beneficial ownership" adversary proceedings filed by the Trustee against many entities and individuals associated with the Debtor), the Trustee avers that 42 individuals and entities from all over the world (the "Complaint Defendants")[1] are either alter egos of, the nominee or bare trustee

---

[1] The Complaint Defendants are ACA Capital Group Ltd., Alfa Global Ventures Limited, Alfonso Global Ventures Limited, Anton Development Limited, Bravo Luck Limited, Celestial Tide Limited, China Golden Spring Group (Hong Kong) Ltd., Eastern Profit Corporation Limited, Freedom Media Ventures Limited, G Club International Limited, G Club Operations LLC, G Fashion (CA), G Fashion Hold Co A Limited, G Fashion Hold Co B Limited, G Fashion International Limited, GFashion Media Group Inc., G Music LLC, GF IP, LLC, GF Italy, LLC, GFNY, Inc., Hamilton Capital Holding Limited, Hamilton Investment Management Limited, Hamilton Opportunity Fund SPC, Haoran He, Himalaya Currency Clearing Pty Ltd., Himalaya International Clearing Limited, Himalaya International Financial Group Limited, Himalaya International Payments Limited, Himalaya International Reserves Limited, Jovial Century International Limited, K Legacy Ltd., Karin Maistrello, Leading Shine Limited, Major Lead International Limited, Mei Guo, Next Tycoon Investments Limited, Qiang Guo, Rule of Law

of, or equitably or beneficially owned by, the Debtor, and thus their assets should be turned over to the estate. Such a claim is overreaching and implausible, particularly with respect to the Defendants.

This Complaint should be dismissed with prejudice for several reasons. As a preliminary matter, this Court lacks personal jurisdiction over the Defendants. Under the Supreme Court's *Daimler* decision, the Hamilton Entities are not subject to general jurisdiction in the United States because their principal place of business is overseas, and they are incorporated in England, BVI, and the Cayman Islands. The Trustee fails to allege any exceptional circumstances establishing that the Defendants are "at home" in this forum. The Defendants are also not subject to specific personal jurisdiction because, first and foremost, Trustee's claim does not arise out of or relate to any of the Defendants' alleged contacts with the forum. Moreover, even if the requisite connection were alleged, the Trustee fails to allege that any of the Defendants had contacts with the United States that would establish that they "purposefully availed" themselves of the forum. Further, the Trustee does not have standing to bring his claims against Defendants, for multiple reasons that are described more fully below.

Finally, for several reasons, the Complaint fails to state a claim upon which relief can be granted. The Trustee's allegations do not meet the pleading requirements of Fed. R. Civ. P. 8, Fed. R. Civ. P. 10,[2] and the well-established *Twombly/Iqbal* standard. First, the Complaint *literally* fails to state a claim as to Mr. Je, because there is no count against him in the Complaint. Accordingly, he should be dismissed from this case. Moreover, Trustee fails to properly plead that he is entitled

---

Foundation III, Inc., Rule of Law Society IV, Inc., Saraca Media Group, Inc., Seven Mission Group LLC, William Je, and Wise Creation International Limited.

[2] As incorporated by Fed. R. Bankr. P. 7008 & 7010, respectively.

to declaratory judgment relief under Fed. R. Civ. P. 8. The Trustee does not set forth elements of his claims that Defendants are "bare trustees" or "nominees" under the laws of England, BVI and Cayman Islands, and does not support such claims with facts. Instead, the Trustee asserts bare legal conclusions that fail the *Iqbal/Twombly* pleading standard.  Even if the Trustee did adequately state the elements of his claims under the various foreign jurisdictions' laws, he still fails to state a claim. None of the Trustee's facts support a plausible claim that the Defendants were "nominees" or "bare trustees" under the laws of England, BVI, and Cayman Islands. Additionally, Trustee's bare factual assertions and legal conclusions do not adequately "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[3]

In totality, the above reasons, which are more fully explained below, are fatally defective, and cannot be remedied through an amended complaint.  Accordingly, the Defendants respectfully request that the Court grant their Motion, dismiss the Complaint as to them with prejudice, and grant such and other relief that is necessary and just.

---

[3] The Complaint was filed partially under seal, and it appears that some of the factual contentions regarding the Defendants were redacted.  The Trustee has not provided an unredacted copy of the Complaint to the Defendants, despite the obvious problems with requiring defendants to respond to a complaint while withholding certain allegations from them.  Accordingly, the Defendants are unable to address any and all such redacted allegations in this motion.  The Complaint and, even more so, the redacted Complaint that is the only version currently possessed by the Defendants, certainly does not "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alterations added) (citation omitted).

## II.    ARGUMENT

### A.    Court Lacks Personal Jurisdiction over the Defendants

#### 1.    *Legal Standard*

The Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2)[4] because it lacks personal jurisdiction over the Defendants. Fed. R. Civ. P. 12(b)(2) permits a defendant to challenge a court's personal jurisdiction prior to the filing of an answer or commencement of discovery.  *See* Fed. R. Civ. P. 12(b)(2).

Personal jurisdiction over each Defendant is permitted only to the extent allowed under the Constitution of the United States. *See* Fed. R. Bankr. P. 7004(f); *In re Celotex Corp.*, 124 F.3d 619, 629–30 (4th Cir. 1997).  "To exercise personal jurisdiction over a defendant in a federal question case, a plaintiff must demonstrate that (1) bringing the defendant into federal court accords with the Fifth Amendment[5] due process principles, and (2) the defendant is amenable to process."[6] *In re Williams,* 264 B.R. 234, 239 (Bankr. D. Conn. 2001) (internal citations omitted).

"Since *International Shoe Co. v. Washington*, the touchstone due process principle has been that, before a court may exercise jurisdiction over a person or an organization, . . . that person or entity must have sufficient 'minimum contacts' with the forum 'such that the maintenance of

---

[4] As made applicable to these proceedings by Fed. R. Bankr. P. 7012.

[5] The due process analysis under the Fifth Amendment is "basically the same" as that under the Fourteenth Amendment. *Chew v. Dietrich*, 143 F.3d 24, 28 (2d Cir.1998). "The principal difference is that under the Fifth Amendment the court can consider the defendant's contacts throughout the United States, while under the Fourteenth Amendment only the contacts with the forum state may be considered." Id.  Accordingly, cases discussing due process under the Fourteenth Amendment are instructive to the personal jurisdiction analysis in bankruptcy courts.

[6] The Defendants are not amenable to process, so the Trustee must demonstrate that bringing the Defendants into federal court accords with the Fifth Amendment due process principles.  *See e.g. In re Williams*, 264 B.R. at 239.

the suit does not offend "traditional notions of fair play and substantial justice.'" *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). "*International Shoe* distinguished between two exercises of personal jurisdiction: general jurisdiction and specific jurisdiction." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016). General jurisdiction "permits a court to hear 'any and all claims' against an entity," *Gucci*, 768 F.3d at 134 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)), whereas specific jurisdiction exists "only over issues that 'aris[e] out of or relat[e] to the entity's contacts with the forum,'" *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

"When responding to [a motion to dismiss], the plaintiff bears the burden of establishing that the court has jurisdiction over [each] defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (internal quotation marks and citation omitted); *see also In re Williams*, 264 B.R. at 239. Accepting the plaintiff's allegations as true, the plaintiff must make a *prima facie* showing that jurisdiction exists. *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 196 (2d Cir. 1990). Although ambiguities in the pleadings should be construed in the light most favorable to the plaintiff, "resolving all doubts in the plaintiff's favor is not the same as blindly crediting all allegations regardless of their factual support." *Melnick v. Adelson-Melnick*, 346 F. Supp. 2d 499, 502 n.17 (S.D.N.Y. 2004). Here, the Trustee fails to make a *prima facie* showing that this Court has personal jurisdiction over the Defendants.

### 2. *Trustee Fails to Make a Prima Facie Showing that this Court Has General Personal Jurisdiction over the Defendants*

The Defendants are not subject to general jurisdiction in the United States. In *Daimler AG v. Bauman*, the Supreme Court significantly narrowed the circumstances in which a court may assert general jurisdiction over a foreign corporation. In general, "For an individual, the paradigm

5

forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. at 137.

With respect to the Hamilton Entities, the Trustee freely acknowledges that the Hamilton entities are all organized under the laws of other countries. *See* Complaint, ¶ 5.c.ii ("Hamilton Capital Holding Limited, an entity organized in the United Kingdom, Hamilton Investment Management Limited, an entity organized in the BVI, and Hamilton Opportunity Fund SPC. . .an entity organized in the Cayman Islands"). Accordingly, the Court cannot exercise general personal jurisdiction over the Hamilton Entities on this basis.

While it is true that the *Daimler* Court noted that "a corporation may [not only] be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business. . .",[7] it ultimately held that it would truly be a an "exceptional case" where "a corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 139 and n.19, citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Indeed, "even a company's 'engage[ment] in a substantial, continuous, and systematic course of business' is alone insufficient to render it at home in a forum," *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 226 (2d Cir. 2014) (internal citation omitted), because asserting general jurisdiction on that basis would be "unacceptably grasping." *Daimler*, 571 U.S. at 138. Thus, aside from the rare "exceptional case," a corporation is "at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." *Gucci*, 768 F.3d at 135.

---

[7] *Daimler*, 571 U.S. at 137.

The Trustee puts forth no serious effort to demonstrate that this Court has general personal jurisdiction over the Hamilton Entities. None of the Trustees' allegations against the Hamilton Entities establish any contacts with the United States. The Trustee plainly alleges that Hamilton Entities' employees were located in the United Kingdom, not United States. *See* Complaint, ¶ 117. Trustee generally avers that Debtor funded the Hamilton Entities (*see* Complaint, ¶ 142) but does not state that any such funding originated in the United States. Finally, while the Trustee continuously alleges that the Debtor controlled the Hamilton Entities (*see* Complaint, ¶¶ 141, 358.i., 362.i., 370.i), there are no allegations anywhere in the Complaint as to how such control occurred, or from what location. In short, the Trustee utterly fails to make a *prima facie* case as to general personal jurisdiction over the Hamilton Entities.

Trustee's allegations with respect to Mr. Je fare no better. United States is certainly not Mr. Je's domicile as required to confer general personal jurisdiction over a person. *See Daimler*, 571 U.S. at 137. Trustee plainly alleges that Mr. Je "resided primarily in the United Kingdom (though, upon information and belief, he travelled to the United States regularly), and he is now believed to be located in the UAE." Complaint, ¶ 73.b.i. Trustee does not allege when Mr. Je travelled to the United States, or how long he stayed in the United States. The Trustee also alleges that Mr. Je worked out of a Hong Kong office, not in the United States. Complaint, ¶ 164. While the Trustee alleges that Mr. Je "assisted the Debtor in 2018 in connection with looking for real estate in the United States to purchase for the Debtor's family" (*Id.*), the Trustee does not actually allege that Mr. Je was *in* the United States for such an endeavor, or provide any details as to what such assistance entailed. Finally, while the Trustee attaches the Superseding Indictment to his Complaint to apparently bolster his deficient factual allegations, none of the facts in the Superseding Indictment support a finding of general personal jurisdiction of Mr. Je. First, the

Superseding Indictment specifically states that the alleged criminal activity occurred in "the Southern District of New York **and elsewhere**." *See e.g.* Complaint, Ex. A at ¶ 56 (emphasis added). Again, there is no indication as to where the criminal activity attributed to Mr. Je happened. Moreover, the Superseding Indictment does not distinguish between which activities were done by Debtor, the co-defendant in the Criminal Proceedings, Yvette Wang ("Ms. Wang"), and Mr. Je. *See e.g.* Complaint, Ex. A at ¶ 56 ("On or about June 5, 2020, in the Southern District of New York **and elsewhere**, [Debtor], [Mr. Je], and [Ms. Wang], the defendants, within the United States, knowingly engaged and attempted to engage in a monetary transaction, as defined in Title 18, United States Code, Section 1957(f)(1 ), in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity. . .") (emphasis added). There are simply insufficient allegations that tie Mr. Je to the United States, such that this Court would have general personal jurisdiction over Mr. Je.

### 3. *Trustee Fails to Make a Prima Facie Showing that this Court Has Specific Personal Jurisdiction over the Defendants*

Trustee fails to make a *prima facie* showing that this Court has specific personal jurisdiction over the Defendants for much the same reasons as discussed above with respect to general personal jurisdiction. The due process analysis for specific personal jurisdiction requires courts to ask two questions: "whether a defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant," and "whether the assertion of personal jurisdiction over the defendant comports with 'traditional notions of fair play and substantial justice' under the circumstances of the particular case." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) (quoting *Daimler*, 571 U.S.at 126). Specific jurisdiction "'depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to

the State's regulation.'" *Waldman*, 835 F.3d at 331 (quoting *Goodyear*, 564 U.S. at 919). "The exercise of specific jurisdiction depends on in-state activity that 'gave rise to the episode-in-suit.'" *Id*. (quoting *Goodyear*, 564 U.S. at 923). Thus, "[t]o establish the minimum contacts necessary to justify 'specific' jurisdiction, the [plaintiff] first must show that [its] claim arises out of or relates to [the defendant's] contacts with [the forum]." *Chaiken v. VV Pub. Corp*., 119 F.3d 1018, 1028 (2d Cir. 1997).   First, the relationship must arise out of contacts that the 'defendant *himself*' creates with [United States]." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with [United States], not the defendant's contacts with persons who reside there." *Id.*  "Due process requires that a defendant be haled into court in [United States] based on his own affiliation with [United States], not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with [United States]." *Id.* at 286. To be sure, "the defendant's suit-related conduct must create a *substantial* connection with the forum State." *Walden*, 571 U.S. at 284 (emphasis added). This connection cannot be merely fortuitous; instead, "the defendant" must have "'purposefully avail[ed] itself of the privilege of conducting activities within the forum State," *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) or have "purposefully directed [its action] toward the forum State." *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987).

Here, the Trustee has not met the *prima facie* burden of showing that the Defendants purposefully availed themselves of the privilege of doing business within the United States.  In fact, as seen from Section C, *supra*, the Trustee simply did not allege facts sufficient to tie the Defendants to the United States.  Since the Trustee has not met his burden, and this Court cannot

establish personal jurisdiction over the Defendants, the Complaint must be dismissed as to the Defendants.

Since the Trustee has not alleged facts sufficient to support the exercise of specific personal jurisdiction over Defendants, it is not necessary to discuss the second prong of the test – the "reasonableness" analysis.   Nevertheless, the factors weigh against the exercise of specific personal jurisdiction over the Defendants.

The factors bearing on the "reasonableness" analysis include (1) the burden the that the exercise of personal jurisdiction will place on the defendant, (2) the interests of the forum state in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering substantive social policies. *Picard v. Estate (Succession) of Igoin*, 525 B.R. 871, 882 (Bankr. S.D.N.Y. 2015).

First, the exercise of personal jurisdiction would place a great burden on Defendants to appear and defend in the United States - a jurisdiction with which they have minimal, if any, contacts.  Moreover, given that these Defendants are all foreign entities, this Court likely does not have great interest in adjudicating this dispute given that there would almost certainly be foreign witnesses, language barriers, and application of foreign law – all factors that weigh in favor of allowing any claims the Trustee has against the Defendants to proceed in Defendants' home jurisdictions. For similar reasons, it is much more efficient to proceed in Defendants' home jurisdictions, as it minimizes the costs, time and logistical issues with respect to litigating with a foreign defendant in a United States court.  Finally, it goes without saying that the Trustee certainly has interest in prosecuting his claims in his home court.  The factors indicate that it would be patently unreasonable under the circumstances for this Court to exercise specific personal

10

jurisdiction over the Defendants. For all the reasons, this Court should dismiss the Complaint against the Defendants for lack of personal jurisdiction.

### B. Trustee Lacks Standing

The Trustee lacks standing to bring his claims against the Defendants. Actions brought by a Trustee "fall into two broad categories: (1) actions brought by the trustee as successor to the debtor's interests included as property of the estate under 11 U.S.C. § 541, and (2) actions brought under one of the trustee's avoidance powers [such as 11 U.S.C. § 544]." *ASARCO LLC v. Americas Mining Corp.*, 396 B.R. 278, 325 (S.D. Tex. 2008) (internal citations omitted). Here, the Trustee does not specify which Bankruptcy Code section he is bringing his claims under – the Trustee references 11 U.S.C. 541, 542 and 544 of the Bankruptcy Code. It makes no difference – the Trustee lacks standing to bring claims under both 11 U.S.C. 541 and 11 U.S.C. 544. If the Trustee is bringing his claims under 11 U.S.C. 541, then he lacks standing because of the *Wagoner* doctrine and *in peri delicto*. If, instead, the Trustee is bringing his claims under 11 U.S.C. 544, the claims still fail.

The arguments demonstrating the Trustee's lack of standing to bring claims under both 11 U.S.C. 541 and 11 U.S.C. 544 are fully set forth by Defendants GF IP, LLC, GF Italy, LLC, GFashion Media Group, Inc. and GFNY, Inc. (the "Delaware Defendants") in their motion to dismiss filed contemporaneously with the instant motion [Dkt. No. 84, pp. 5-12]. To avoid unnecessary duplicative reading for the Court, the Delaware Defendants' arguments regarding the Trustee's lack of standing to bring claims under both 11 U.S.C. 541 and 11 U.S.C. 544 are hereby incorporated by reference as if fully set forth herein.

### C.    The Complaint Should be Dismissed under Fed. R. Civ. P. 12(b)(6) Because Trustee Fails to State a Claim Upon Which Relief Can be Granted

Pursuant to the Rules of Civil Procedure (as applicable by the Bankruptcy Rules of Civil Procedure), and established case law, the Complaint utterly fails to state a claim against Defendants upon which relief can be granted. With respect to Defendants, the Complaint seeks a declaratory judgment that Debtor is the "true beneficial owner" of the Hamilton Entities under various foreign jurisdictions' laws because Mr. Je and the Hamilton Entities were "mere nominees" or "bare trustees" that held legal title to interests in the Hamilton Entities (as to Mr. Je) and interests in assets only for the benefit of the Debtor. *See* Complaint, ¶ 359 (as to Hamilton Capital Holding Limited); ¶ 365 (as to Hamilton Investment Management Ltd.); ¶ 371 (as to Hamilton Opportunity Fund SPC).  Such claims are simply not plausible; more importantly, they are not sufficiently pled.

### 1.    *Pleading Standard*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is *entitled to relief*," in order to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). Rule 8(a)(2)'s "plain statement" requirement needs to "possess *enough heft* to show that the *pleader is entitled to relief*." *Twombly*, 550 U.S. at 545 (emphasis added). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," meaning "the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true." *Id.* (cleaned up). To be sure, a Court should "not accept as true conclusions unsupported by the facts alleged, legal conclusions, bald assertions, or unwarranted inferences." *Kavanagh v. Zwilling*, 578 F. App'x 24 (2d Cir. 2014). A pleading that

offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Simply put, The *Twombly* Court held that Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include facts (as distinct from legal "labels" and "conclusions") giving rise to a "plausible" (rather than merely "conceivable") entitlement to relief. *Twombly*, 550 U.S. at 570.

It follows then, that a motion to dismiss should be granted if a complaint fails to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570)[8].  As the *Iqbal* Court echoed

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

    2.    ***Complaint Must be Dismissed Against William Je Because It Does not Adequately Plead a Claim Against Him***

Trustee's Complaint should be dismissed as to Mr. Je because it *literally* fails to state a claim as to Mr. Je – there is not one count alleged against him. While Mr. Je is identified as a defendant in the caption of the Complaint, there is an absence of any claim against him. Indeed, the primary substantive allegations against Mr. Je are all in the context of his purported relationship

---

[8] As the *Twombly* Court rightfully pointed out – "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

to the Hamilton Entities. In attempting to secure Mr. Je's rightful ownership interests in the Hamilton Entities, the Trustee alleges that under various countries' laws, Mr. Je was "a mere nominee or 'bare trustee,' considered to hold legal title to ownership interests in [Hamilton Entities] only for the benefit of the Debtor." *See* Complaint, ¶ 359 (as to Hamilton Capital Holding Limited); ¶ 365 (as to Hamilton Investment Management Ltd.); ¶ 371 (as to Hamilton Opportunity Fund SPC). These passing references do not give rise to a cause of action against Mr. Je and Mr. Je should be dismissed as a party from this action. *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000) ("[i]t is well-settled that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'"); *see also Rivera v. Carroll*, No. 07 Civ. 7847, 2009 WL 2365240, at *8 (S.D.N.Y. Aug. 3, 2009) (dismissing complaint as to named defendant where no allegations against that defendant) appeared in body of complaint); Morgan v. LeClaire, No. 08-CV-04867 (BMC), 2008 WL 5377952, at *2 (E.D.N.Y. Dec. 23, 2008) (dismissing for failure to state a claim where "there are no allegations against either of these defendants. The only mention of them is in the caption and under the 'parties' section of the complaint where their names and titles are listed."); *see also Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999) (finding that because no claims were raised against Defendant, "the Complaint fail[ed] to meet the minimal threshold of notice pleading established by Rule 8"). Because the Complaint fails to bring a cause of action against, and fails to state a claim against, Mr. Je, it should be dismissed as against him in its entirety.

### 3. *Complaint Must Be Dismissed Because It Does Not Adequately Provide Grounds for Trustee's Entitlement to the Relief He Seeks*

The Trustee's claims against the Defendants fail because they are nothing more than bare legal conclusions not supported by fact, and do not meet the Trustee's "obligation to provide the 'grounds' of his 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. To be sure, the Court in both *Twombly* and *Iqbal* began their analysis of the respective motions to dismiss by "taking note of the elements" of the cause of action in question. *Iqbal*, 556 U.S. at 675; *Twombly*, 556 U.S. at 553-554. The Trustee summarily states that the "facts and circumstances" he alleges, "warrants a conclusion" that Defendants were "mere nominees" or "bare trustees" that held legal title to interests in the Hamilton Entities (as to Mr. Je) and interests in assets only for the benefit of the Debtor. In alleged support of this conclusion, the Trustee parrots the same set of facts for all the Defendants:

- "[Hamilton Entity] was controlled by the Debtor through his agents, including William Je, nominal ultimate owner of the [Hamilton Entity]." *See* Complaint, ¶ 358.i. (with respect to Hamilton Capital Holding Limited); ¶ 364.i. (with respect to Hamilton Investment Management Ltd.); ¶ 370.i. (with respect to Hamilton Opportunity Fund).

- "The Debtor asserted the Fifth Amendment regarding, among other things, whether any entities purportedly under the control of William Je were actually entities under the Debtor's control." *See* Complaint, ¶ 358.ii. (with respect to Hamilton Capital Holding Limited); ¶ 364.ii. (with respect to Hamilton Investment Management Ltd.); ¶ 370.ii. (with respect to Hamilton Opportunity Fund).

These "facts", even if true, do not "plausibly give rise to an entitlement to relief" *Iqbal*, 556 U.S. at 679. As the *Twombly* and *Iqbal* Courts specifically stated, the Trustee's obligation to provide grounds for his entitlement to relief cannot be based on "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S.

15

at 679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citations omitted). Here, there are not even a recitation of the elements of a cause of action, let alone "threadbare recitals of the elements" – The Trustee does not state what the elements are for "mere nominee", "bare trustee" and "true beneficial owner" under English[9], BVI, and Cayman Islands law.[10] The Trustee simply asserts in a summary fashion that the "facts" he stated warrant a conclusion that the Defendants' interests in their property were owned for the benefit of the Debtor pursuant to various foreign jurisdictions' laws. Without identifying the specific foreign countries' laws, and how Defendants allegedly meet the requisite criteria of the definitions Trustee seeks to impose on them, there is simply no plausible connection between the facts alleged, even if true, and Trustee's bare, brief legal conclusions.

As the Court in *Twombly* observed, "the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the

---

[9] Trustee brings his claim pursuant to "UK law," but practically speaking, no such thing exists. The United Kingdom has three distinct legal systems, "each of which derives from a particular geographical area for a variety of historical reasons: English law, Scots law, Northern Ireland law, and, since 2007, calls for a fourth type, that of purely Welsh law as a result of Welsh devolution, with further calls for a Welsh justice system." https://en.wikipedia.org/wiki/Law_of_the_United_Kingdom.

[10] As a corollary matter, the Trustee has failed to provide sufficient notice of foreign law pursuant to Fed. R. Civ. P. 44.1 (as applicable to these proceedings by Fed. R. Bankr. P. 9017). Rule 44.1 requires that parties "who intend[ ] to raise an issue about a foreign country's law [to] give notice by a pleading or other writing." Fed. R. Civ. P. 44.1. "[W]here the only hint that foreign law might apply comes from a court's attempt to draw reasonable inferences from the facts in a plaintiff's complaint, without any guidance from the plaintiff as to the nature of the foreign law claim, the plaintiff has provided insufficient notice of the potential application of foreign law that Rule 44.1 requires." *Desarrolladora Farallon S. de R.L. de C.V. v. Cargill Fin. Servs. Int'l, Inc.*, 666 F. App'x 17, 24 (2d Cir. 2016). Accordingly, the Trustee failed to meet his burden of proving foreign law in order for the Court to apply it in this case. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 650 B.R. 5, 16 (Bankr. S.D.N.Y. 2023) ("Thus, the party claiming foreign law applies carries both the burden of raising the issue that foreign law may apply in an action and the burden of proving foreign law to enable the ... court to apply it in a particular case").

assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 545.  Here, there is not even a "suspicion of a legally cognizable right" – the Trustee does not provide any indication as to what the rights of the parties are under English, BVI, and Cayman Island law, and why he is entitled to the declaratory judgment he seeks. Simply put, the Trustee does not meet his obligation to put forth facts showing that he is entitled to relief, as is required under Fed. R. Civ. P. 8, and the Complaint should be dismissed as to the Defendants.

> ### 4.    *Complaint Must Be Dismissed Because It Does Not Adequately Plead Beneficial Ownership Under Foreign Law*

Assuming, *arguendo*, that Trustee did provide adequate statement of the foreign laws he invokes, his claims still fail.[11] Under the laws of England, BVI and Cayman Islands, Trustee cannot plausibly state a claim that the Defendants only owned property for the benefit of the Debtor.

With respect to English and BVI law, Defendants have the benefit of the legwork this Court did in an earlier adversary proceeding arising out of Debtor's bankruptcy proceeding. As the Court observed, "[e]xcept as supplemented and supplanted by local legislation, English common law and equity applies in the BVI." *In re Kwok*, No. 22-50073 (JAM), Adv. P. No. 23-05008 (JAM), 2024 WL 4100401, at *13 (Bankr. D. Conn. Apr. 3, 2024) (the "Mei Guo AP Order") (citing Eastern Caribbean Supreme Court (Virgin Islands) Ordinance 1969, c. 80, §§ 14, 15 (V.I.) and Common Law (Declaration of Application) Act 1705, 3 Ann. c. 13 (V.I.)). Upon information and belief, Cayman Islands also rely on English common law,[12] and, as such, the below analysis is applicable to Trustee's claims under Cayman Island law.

---

[11] To be sure, it is patently unfair and prejudicial for Defendants to have to respond to a Complaint that invokes foreign law without citing to any applicable statutes or caselaw.

[12] https://www.careyolsen.com/insights/briefings/types-and-uses-cayman-islands-law-trusts

"English common law recognizes that a legal owner may be a 'bare trustee,' holding an asset for the benefit and at the discretion of a beneficial owner who has complete control over the asset." *Id.* (citing English caselaw and treatise). One of the cases cited by the Court in the Mei Guo AP Order, *Pleshakov v. Sky Stream Corporation* [2021] UKPC 15,[13] is instructive on what constitutes a bare trust. Although the Court in *Pleshakov* noted that no formal writing is required in order to create a relationship between a bare trustee and a beneficial owner,[14] what *is* required is "three certainties": "(i) certainty of intention, in that the [alleged trustee] set up the [company in question] on the instructions of [the beneficial owner] with the intention that the shares in it would be held for his benefit; (ii) there was certainty of subject matter, ie the shares in [the company in question] held by each of the [alleged trustees]; and (iii) there was certainty as to the object of the trust, in that [the beneficial owner] was to be the beneficial owner of the shares." *Pleshakov v. Sky Stream Corporation* [2021] UKPC 15 [¶¶ 41, 47]. Thus, whether a trust exists depends on the particular circumstances of each case.

The Trustee fails to plead any facts that could plausibly indicate that Hamilton Entities or Mr. Je were "bare trustees" holding assets for the Debtor pursuant to English (and BVI) law, as stated in *Pleshakov* or that there is anything to suggest the Hamilton Entities or Mr. Je were ever named at any time as "nominee*." First, there are no allegations that the Hamilton Entities were set up to benefit the Debtor, *on the instructions of the Debtor*.  Per the Complaint, the Hamilton Entities "are a series of purported investment funds nominally owned by William Je." Complaint, ¶ 140. There are no allegations that Debtor instructed anyone to create the Hamilton Entities. While there are allegations that the Debtor controlled the Himalaya Entities through Mr. Je (Complaint,

---

[13] A case arising in BVI but applying English law.

[14] *Pleshakov v. Sky Stream Corporation* [2021] UKPC 15 [¶¶ 47–48].

¶¶ 141, 358.i., 364.i., 370.i.), there are no facts, either in the Complaint or the attached Superseding Indictment, to show how Debtor controlled these Entities. The allegation of "control" is thus merely an unsupported legal conclusion. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

While the Complaint does allege that the "Hamilton Entities. . .are used by the Debtor to hold his funds, and deploy such funds at the Debtor's direction" (Complaint, ¶ 5.c) and that the Debtor "was responsible for funding the Hamilton Entities" (Complaint, ¶ 142), the Complaint is devoid of any factual support for such assertions. In fact, in the next paragraph, the Trustee backtracks and states that the allegation that the Debtor funded Hamilton Capital Holding Ltd. is "upon information and belief." Complaint, ¶ 143. Under the heightened *Twombly* and *Iqbal* pleading requirements, a plaintiff is permitted to plead facts "upon information and belief" only "where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations omitted). Here, the Trustee alleges that the Debtor funded the Hamilton Entities; such facts are squarely within the possession of the Trustee, who stands in the shoes of the Debtor, and who has been conducting very extensive discovery into his affairs for years. As such, this allegation based on "upon information and belief" cannot properly form the basis of Trustee's claim that Debtor had any control over the Hamilton Entities.

Given that these are all the facts alleged with respect to the Hamilton Entities, the Trustee fails to allege how he meets the second and third requirements of trust formation as stated in

*Pleshkov*. There are no allegations regarding the subject matter of the alleged trust – other than the fact that Hamilton Entities were investment vehicles, there are no allegations as to what exactly they invested in. Finally, there are no facts to show that there was "certainty as to the object of the trust, in that [the beneficial owner] was to be the beneficial owner of the shares." Again, there are no facts that indicate that it was understood between Mr. Je and the Hamilton Entities that Debtor would be the beneficial owner of the assets of Hamilton Entities or Mr. Je's ownership interest in the Hamilton Entities.[15]  The Complaint fails to state a claim that Defendants are "bare trustees" under English, BVI, and Cayman Island law, and as such, should be dismissed.

### 5.    Complaint Does not Adequately Put the Defendants on Notice of the Grounds for the Claims Against Them

To cure the defective pleading of his claims, the Trustee references other actions that supposedly provide the necessary factual underpinnings of the "shell game" that Debtor engaged in with respect to the Defendants.  *See* Complaint, Section A ("Court's Alter Ego and Ownership Rulings") and Section C ("Scope of Debtor's Shell Game").  Although the Federal Rules of Civil Procedure provide that "[a] statement in a pleading may be adopted by reference . . . in any other pleading" (Fed. R. Civ. P. 10(c)[16]), the Trustee's purported incorporations fall well outside the scope of what Rule 10(c) permits.  Rule 10(c) does not exempt a plaintiff from the rule that a

---

[15] Allegations regarding Mr. Je's connections to the Debtor and how that somehow makes Mr. Je a "bare trustee", holding the Hamilton Entities for the benefit of the Debtor are even more speculative than allegations regarding Hamilton Entities.  Again, Trustee alleges "upon information and belief" that Mr. Je "acted as Debtor's agent in connection with the Debtor's financial transactions at least as far back as 2014." Complaint, ¶ 73.b.i. Also, that "Counsel working for the Debtor that observed the relationship between the Debtor and William Je, understood that William Je worked for the Debtor." Complaint, ¶ 73.b.i. However, none of these facts even come close to meeting any standards of "bare trustee" as stated in *Pleshkov*. The Complaint's allegation that Mr. Je assisted Debtor in looking for real estate in 2018 (Complaint, ¶ 73.b.i) does not go towards proving any claim in the Complaint.

[16] As incorporated by Fed. R. Bankr. P. 7010.

complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alterations added) (citation omitted). As such, "references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation." *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 461 (E.D.N.Y. 2007) (citations omitted); *accord Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006) (incorporation must be done with "specificity and clarity"). "[T]his rule allows incorporation only from pleadings filed *prior* to the incorporating pleading." *Park City Water Auth. v. N. Fork Apartments, L.P.*, 2010 WL 5463814, at *4 n.10 (S.D. Ala. Dec. 29, 2010) (alterations added) (citations omitted) (defendant's answer could not "incorporate any affirmative defenses" raised by other defendants in subsequently filed answers); *see also Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir. 1977) ("pleadings may incorporate *earlier pleadings* by reference"); *Fed. Nat'l Mortg. Ass'n v. Cobb*, 738 F. Supp. 1220, 1227 (N.D. Ind. 1990) (same).

The Complaint fails to satisfy that standard. It is not clear from the circumstances as to which portions of any pleading or actions are applicable to the Defendants. Without specific reference to facts pled in another document – rather than a blanket reference to an entire document – the Defendants and the Court are left to guess at which allegations of the prior pleadings and actions should be applied here. "[I]t is clear that plaintiff made no effort in his incorporation clauses to be direct and explicit, nor has plaintiff even arguably enabled defendants to ascertain precisely which portions of the first and second amended complaints are not duplicative of their respective predecessors, but are intended to add new material. *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 447 (E.D. Va. 2009) (holding that wholesale incorporation of pleadings does not pass muster under Rule 8 or 10) *aff'd*, 382 F. App'x 256 (4th Cir. 2010). The Complaint, thus, fails

to give Defendant "fair notice of . . . the grounds upon which [the Trustee's claims] rest." *Twombly*, 550 U.S. at 555 (alterations added) (citation omitted).

## III.    CONCLUSION

For all the foregoing reasons, the Defendants respectfully request that the Court dismiss the Trustee's claims against them with prejudice.

Dated: September 18, 2024
      New York, New York

LAZARE POTTER GIACOVAS & MOYLE LLP

By: /s/ Michael T. Conway
Michael T. Conway
Lazare Potter Giacovas & Moyle LLP
747 Third Avenue, 16th Floor
New York, NY 10017
Telephone: (917) 242-1597
mconway@lpgmlaw.com

*Counsel for Hamilton Capital Holding Limited, Hamilton Investment Management Ltd. Hamilton Opportunity Fund SPC, and William Je*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on September 18, 2024, a copy of the foregoing document was served on all parties of record via CM/ECF.

Dated: September 18, 2024

By: <u>/s/ Michael T. Conway</u>
Michael T. Conway