**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------------ x
                                                              :
In re:                                                        :    Chapter 11
                                                              :
HO WAN KWOK, et al.,[1]                                       :    Case No. 22-50073 (JAM)
                                                              :
                              Debtors.                        :    (Jointly Administered)
                                                              :
------------------------------------------------------------ x
                                                              :
LUC A. DESPINS, CHAPTER 11                                    :
TRUSTEE,                                                      :
                                                              :
                                                              :    Adv. Proceeding No. 24-05249
                              Plaintiff,                      :
v.                                                            :
                                                              :
                                                              :
ACA CAPITAL GROUP LTD., et al.                                :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------ x
```

**NOTICE OF CHAPTER 11 TRUSTEE OF UPDATE REGARDING ENGLISH**
**ADMINISTRATION PROCEEDING WITH RESPECT TO DEFENDANT**
**HAMILTON CAPITAL HOLDINGS LIMITED**

**PLEASE TAKE NOTICE** that, as requested by the Court at the May 28, 2026 hearing

with respect to discovery matters affecting, among other entities, Hamilton Capital Holdings

Limited ("HCHL"), Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee")

appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), by and through his undersigned

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

counsel, hereby submits, attached as **Exhibit A** hereto, a copy of the "Tomlin Order"[2] entered by the English court overseeing the administration proceeding of HCHL (the "HCHL Administration") on April 1, 2025.[3] The penultimate "upon" paragraph in Exhibit A contains the agreement of HCHL's administrators to stay any distribution to creditors until the above-captioned adversary proceeding action (the "Adversary Proceeding") with respect to HCHL is dismissed by final order (although worded in the negative), this means that if the Trustee prevails in the Adversary Proceeding against HCHL, the administrators will not be able to distribute any assets or proceeds thereof pursuant to the HCHL Administration. Also attached, as **Exhibit B** and **Exhibit C**, respectively, are relevant extracts from the Trustee's presentations to the Bankruptcy Court, dated April 22, 2025 and March 3, 2026, which described the events leading to the entry of the Tomlin Order and the order itself.

[*Remainder of page intentionally left blank.*]

---

[2]    The Trustee understands that "Tomlin Order" is a term English courts use to describe a consent order staying proceedings

[3]    The Trustee is not at this time filing the "schedule" attached to the Tomlin Order as he is precluded from doing so by a confidentiality provision contained in such schedule. However, such confidentiality provision expressly provides that the Trustee may be ordered by this Court to provide such schedule to the Court. For the avoidance of doubt, the Trustee believes that the schedule does not affect the stay provision contained in the Tomlin Order and described in this notice.

Dated:     June 2, 2026
           New York, New York

By: */s/ Douglass E. Barron*
Douglass E. Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
alexbongartz@paulhastings.com

*and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

3

**Exhibit A:**

**Tomlin Order**

<u>**IN THE HIGH COURT OF JUSTICE**</u>    Claim No. CR-2024-006428
<u>**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**</u>
<u>**INSOLVENCY AND COMPANIES LIST (ChD)**</u>

**IN THE MATTER OF HAMILTON CAPITAL HOLDING LTD (IN ADMINISTRATION)**
**AND IN THE MATTER OF THE INSOLVENCY ACT 1986**

**Before: Sir Anthony Mann (sitting as High Court judge)**
**Date: 1 April 2025**

**B E T W E E N :**

**LUC A DESPINS**
**(AS FOREIGN REPRESENTATIVE OF HO WAN KWOK)**

<u>Applicant</u>

**- and -**

**IAN GOODHEW AND ABIGAIL SHEARING**
**(AS JOINT ADMINISTRATORS OF HAMILTON CAPITAL HOLDINGS LIMITED (IN ADMINISTRATION))**

<u>Respondents</u>

---

**TOMLIN ORDER**

---

**UPON** a worldwide freezing order made on 23 January 2024 by His Honour Judge Johns KC (sitting as High Court Judge) in proceedings with claim number BL-2023-001118 between the claimant Lee Chu and the defendants Kin Ming Je and Sin Ting Rong as varied (the *Freezing Order*)

**AND UPON** the Application of Ian Goodhew and Abigail Shearing (in their capacity as Joint Administrators of Hamilton Capital Holdings Limited – in Administration (*HCHL*)) (the *Joint Administrators*) by way of application notice dated 12 August 2024 for an order further varying the Freezing Order to permit them to sell approximately twenty-six kilograms of gold bullion deposited by HCHL with Sharps Pixley Limited (the *Gold Application*)

**AND UPON** the Application of Luc A Despins (in his capacity as Chapter 11 Trustee of Ho Wan Kwok (aka Guo Wengui, Miles Guo, and Miles Kwok)) (the *Trustee*) by way of insolvency application notice dated 25 October 2024 to prevent the Joint Administrators from

dissipating the proceeds of sale of the assets over which HCHL holds legal title and/or asserts beneficial title (the *Trustee's Application*)

**AND UPON** the Applicant having commenced litigation in the US Bankruptcy Court for the District of Connecticut against HCHL (amongst others) seeking a declaration that he is both the beneficial owner of HCHL and its assets (the *Proprietary Claim*)

**AND UPON** HCHL (amongst others) having filed in the US Bankruptcy Court a motion to dismiss the Proprietary Claim on 19 November 2024 on grounds including (but not limited to) the US Bankruptcy Court having no jurisdiction over HCHL and its assets (the *Motion to Dismiss*)

**AND UPON** the US Bankruptcy Court having heard the Motion to Dismiss on 28 January 2025 but not having handed down its decision as at the date of this Order

**AND UPON** each of the Gold Application and the Trustee's Application being listed to be heard together

**AND UPON** hearing Peter Shaw KC, leading counsel and Paul Wright, counsel for the Trustee, and Alexander Goold, counsel for the Joint Administrators

**AND UPON** reading (i) the affidavit of Michael Di Ricci dated 6 August 2024 (ii) the affidavit of Ian Goodhew dated 9 August 2024 (iii) the affidavit of Thomas Crittenden dated 16 October 2024 and (iv) the witness statements of Luc A Despins dated 25 October 2024 and 25 March 2025

**AND UPON** the Court having granted the Gold Application by way of a separate order

**AND UPON** the undertaking to the court of the Joint Administrators that they shall not distribute any realisations of any assets over which  HCHL holds legal title and/or asserts beneficial title to any of its creditors, nor to use the same to discharge the costs and expenses of the administration (save as might be agreed by the Trustee) until the earlier of: (a) the final dismissal (including upon the dismissal of any final appeal or the expiry of the period to

2

4152-9912-2779, v. 1

commence such appeal) of the Proprietary Claim as against HCHL; or (b) the date 28-days after the summary dismissal of the Proprietary Claim against HCHL on the Motion to Dismiss

**AND UPON** the parties to the Trustee's Application having agreed to the terms set out in the confidential schedule to this Order dated 1 April 2025, copies of which are held by the parties' solicitors (the *Agreement*) and to the terms of this Order

**BY CONSENT IT IS ORDERED THAT:**

1.      All further proceedings in the Trustee's Application be stayed upon the terms set out in the Agreement except for the purposes of enforcing those terms. Each party shall have permission to apply to the court to enforce those terms without the need to bring a new claim.

2.      There be no order as to costs.

3.      This Order shall be served by the Applicant on the Respondents.

**Service of this order**

The Court has provided a sealed copy of this order to the serving party:

**Pallas Partners LLP**, 22nd Floor, Salesforce Tower, 110 Bishopsgate, London, EC2N 4AY

4152-9912-2779, v. 1

**Exhibit B:**

**Extract from Trustee Presentation Dated April 22, 2025**

# *In re Ho Wan Kwok,* Chapter 11 Case No. 22-50073 (JAM)

## APRIL 22, 2025 TRUSTEE'S CASE STATUS CONFERENCE



# B. FOREIGN PROCEEDINGS

## 6. United Kingdom

- **Hamilton Capital**

  - Hamilton Capital Holding Limited ("Hamilton Capital") is a company registered in the UK and nominally owned by the Debtor's co-defendant, the fugitive William Je, that helped operate the Debtor's "Himalaya Exchange" scheme.

    - The Trustee has alleged in his first omnibus Alter Ego Action that Hamilton Capital and its assets are beneficially owned by the Debtor. In this action, Hamilton Capital is represented by Mr. Conway and its motion to dismiss was argued on January 28, 2025.

    - The Trustee has also sought, in the alternative, the avoidance of tens of millions of dollars of transfers made by the Debtor to Hamilton Capital.

- **Hamilton Capital Commences Administration Proceeding**

  - On July 19, 2024, Hamilton Capital appointed insolvency administrators (the "Administrators"), thus initiating an administration process under UK law. Notice of the appointment of the Administrators was publicly filed on July 30, 2024.

    - Notice of the administration was not provided to the Trustee until August 16, 2024, when Mr. Conway mentioned it in an email to the Trustee related to another issue.

PAUL HASTINGS

# B. FOREIGN PROCEEDINGS

## 6. United Kingdom

- **Trustee's Concerns Regarding Administration Proceeding**
  - The Administrators filed a "Statement of Affairs" (similar to Schedules of Assets and Liabilities) on August 13, 2024, signed by Hamilton Capital's director, stating that the company held approximately £6 million of assets (including $3 million in US accounts seized by the U.S. government) and over £40 million in liabilities.
  - The Hamilton Capital administration raised numerous "red flags." Among other things, the Administrators initially appeared to take the position that the Himalaya Exchange was a viable business that could be resuscitated despite the Himalaya Exchange's website being taken down by the FBI following the Debtor's criminal conviction, and the Administrators were initially represented by Berkeley Rowe, a law firm with a long history of involvement in the affairs of the Debtor.
  - Perhaps most troubling, however, was the presence of entities that the Trustee has alleged are beneficially owned by the Debtor, such as ACA Capital Group Limited, listed in the Statement of Affairs as creditors of Hamilton Capital, suggesting that the Debtor and William Je were use this administration as a way to "cleanse" Hamilton Capital's funds by having them distributed in a UK court process.
    - This appeared to the Trustee to be the same type of "cleansing" strategy that was attempted by the HCHK entities in April 2023 when they commenced a New York law assignment proceeding which the Trustee successfully had enjoined by this Court in connection with his action to have the HCHK entities declared alter egos of the Debtor. The assignee had similarly listed as creditors of HCHK various individuals and entities linked to the Debtor.

PAUL HASTINGS

# B. FOREIGN PROCEEDINGS

## 6. United Kingdom

- **Trustee's Involvement in Administration Proceeding**

  - After becoming aware of the administration proceeding, the Trustee, first informally and then through his UK solicitors at Pallas Partners engaged in correspondence with the Administrators regarding his concerns.

    - In sum, the Trustee sought a commitment from the Administrators that Hamilton Capital's assets (to which the Trustee claimed ownership in his Alter Ego Action) would not be distributed and that the Administrators, prior to the resolution of the Alter Ego Action, would obtain permission from the UK court before paying fees and expenses from such assets.

    - The Administrators in their responses to the Trustee's correspondence were generally unresponsive the Trustee's concerns (though they did eventually abandon the proposition that the Himalaya Exchange was a viable business that could be continued).

  - On August 23, 2024, the Trustee was informed of an application (the "<u>Gold Application</u>") made by the Administrators seeking the UK Court's permission to sell 26 kilograms of gold bullion held by Hamilton Capital and valued in the Statement of affairs at approximately £ 1.5 million. The gold had been subject to a worldwide injunction against William Je entered in another UK litigation where a victim of the Himalaya Exchange accused William Je of fraud.

  - On October 25, 2024, the Trustee filed papers (the "<u>Trustee's Application</u>") with the UK court opposing the distribution of assets to which he claimed ownership, including any proceeds from the sale of gold sought by the Administrators.

PAUL
HASTINGS

# B. FOREIGN PROCEEDINGS

## 6. United Kingdom

- **Trustee's Agreement with Administrators**

  - A hearing before the UK court in connection with the Gold Application and the Trustee's Application was held on April 1, 2025, at which the UK court appeared to be broadly supportive of the Trustee's position.

  - During a recess in the hearing, counsel to the Administrators conferred with counsel to the Trustee and agreed to resolve their dispute through an agreed upon stipulated order. The UK court granted the Gold Application and stayed the Trustee's Application subject to the terms of such stipulated order, under which, among other things:

    - The Administrators made an undertaking that they will not distribute any proceeds of assets of Hamilton Capital to its purported creditors nor to use the same to discharge the costs and expenses of the administration (save as might be agreed by the Trustee) prior to the dismissal of the related Alter Ego Action.

PAUL
HASTINGS

**<u>Exhibit C</u>:**

**Extract from Trustee Presentation Dated March 3, 2026**

# *In re Ho Wan Kwok,* Chapter 11 Case No. 22-50073 (JAM)

## MARCH 3, 2026 CHAPTER 11 TRUSTEE'S CASE STATUS CONFERENCE



# G. FOREIGN PROCEEDINGS

## 7. United Kingdom

- **Hamilton Capital Administration Proceeding**

  - Hamilton Capital Holding Limited ("Hamilton Capital") is an Alter Ego Action Defendant nominally owned by the Debtor's co-defendant, the fugitive William Je, that helped operate the Debtor's "Himalaya Exchange" scheme.

  - On July 19, 2024, Hamilton Capital appointed insolvency administrators (the "Administrators"), thus initiating an English law administration process .  Notice of the appointment of the Administrators was publicly filed on July 30, 2024.

    - Notice of the administration was not provided to the Trustee until August 16, 2024, when Mr. Conway mentioned it in an email to the Trustee related to another issue.

  - The Administrators disclosed that the company held approximately £6 million of assets (including $3 million in US accounts seized by the U.S. government) and over £40 million in liabilities.

  - The Hamilton Capital administration raised a number of "red flags." For example, the administrators listed as creditors of Hamilton Capital various entities that the Trustee has alleged are beneficially owned by the Debtor.

  - After becoming aware of the administration proceeding, the Trustee, first informally and then through his UK solicitors at Pallas Partners engaged in correspondence with the Administrators regarding his concerns, though they were generally unresponsive.



# G. FOREIGN PROCEEDINGS

## 7.  United Kingdom

- On August 23, 2024, the Trustee was informed of an application (the "Gold Application") made by the Administrators seeking the UK Court's permission to sell gold bullion worth approximately £ 1.5 million.  The gold had been subject to a worldwide injunction against William Je entered in another UK litigation where a victim of the Himalaya Exchange accused William Je of fraud.

- On October 25, 2024, the Trustee filed papers (the "Trustee's Application") with the UK court opposing the distribution of assets to which he claimed ownership, including any proceeds from the sale of gold sought by the Administrators.

- A hearing before the UK court in connection with the Gold Application and the Trustee's Application was held on April 1, 2025, at which the UK court appeared to be broadly supportive of the Trustee's position.

- During a recess in the hearing, counsel to the Administrators conferred with counsel to the Trustee and agreed to resolve their dispute through an agreed upon stipulated order.  The UK court granted the Gold Application and stayed the Trustee's Application subject to the terms of such stipulated order.

- Under the stipulated order, which was subsequently submitted and approved by the UK court, the Administrators made an undertaking that, among other things, they will not distribute any proceeds of assets of Hamilton Capital to its purported creditors nor to use the same to discharge the costs and expenses of the administration (save as might be agreed by the Trustee) prior to the dismissal of the related Alter Ego Action.

-  The Administrators also paid the Trustee's costs with respect to the Trustee's Application and the hearing.



PAUL HASTINGS

PAGE 36