**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------- x
In re:                                          :
                                                :          Chapter 11
HO WAN KWOK, *et al.*,[1]                       :
                                                :          Case No. 22-50073 (JAM)
                             Debtors.           :          (Jointly Administered)
------------------------------------------------------------- x
LUC A. DESPINS, CHAPTER 11                      :
TRUSTEE,                                        :
                             Plaintiff,         :
v.                                              :          Adv. Proceeding No. 24-05249
                                                :
ACA CAPITAL GROUP LIMITED, *et al.*,            :
                             Defendants.        :
------------------------------------------------------------- x

**SUPPLEMENTAL STATEMENT OF**
**CHAPTER 11 TRUSTEE REGARDING CHAPTER 11 TRUSTEE'S**
**JUNE 4, 2026 NOTICE REGARDING COURT'S MAY 28, 2026 ORDER**

Luc. A. Despins, in his capacity as chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case of Ho Wan Kwok (the "Debtor"), and plaintiff in the above-captioned adversary

proceeding (this "Adversary Proceeding"), hereby submits this supplemental statement concerning

the Court's May 28, 2026 Order (ECF No. 236).

1.      The Defendants[2] asserted in their submission to the Court this morning that the

Trustee made misrepresentations to the Court relating to Defendants' purported compliance with

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]     The "Defendants" consist of Defendants ACA Capital Group Ltd. ("ACA Capital"), Hamilton Opportunity Fund SPC ("Hamilton Opportunity"), Hamilton Capital Holding Limited ("Hamilton Capital"), Hamilton Investment Management Limited ("Hamilton Investment"), Himalaya International Clearing Limited ("Himalaya Clearing"), Himalaya Currency Clearing Pty. Ltd. ("Himalaya Currency"), Himalaya International Financial Group Limited ("Himalaya Financial"), Himalaya International Payments Limited ("Himalaya Payments"), Himalaya International Reserves Limited ("Himalaya Reserves", and, together with Himalaya Clearing, Himalaya

the Court's May 28, 2026 Order requiring the Defendants to provide amended interrogatory verifications and Document Search Information[3] by no later than 10 a.m. on June 4, 2026. The Trustee respectfully submits this supplemental statement to address the Defendants' allegations and clarify the factual record.

2.     On May 28, 2026, the Court ordered the Defendants to provide a privilege log to the Trustee on or before June 2, 2026. The Court also ordered the Defendants serve on the Trustee amended and revised verifications of the Defendants' interrogatory responses and certain Document Search Information by 10 a.m. on June 4, 2026 (the "May 28 Discovery Order").

3.     On June 2, 2026, counsel to the Defendants served by email a privilege log on the Trustee, noting that he reviewed "over almost 4,000 additional documents for privilege" and determined only seven needed to be withheld, and, thus, he "would get [the Trustee] the new production as soon as" the Trustee's counsel provided a link for uploading this production and counsel was able to access a computer. This communication is affixed hereto as **Exhibit 1**. Thereafter, at or around 6:27 p.m. ET, the Trustee's counsel replied that the Trustee would review the privilege log and asked if the Defendants had "an ETA on the ***other information*** that Judge Manning instructed the defendants to produce regarding search and collection efforts." At or around 8:26 p.m. ET, Defendants' counsel responded that he was "***Working on that information. Hope to have that done tomorrow***." This communication is affixed hereto as **Exhibit 2**.

---

Currency, Himalaya Financial, and Himalaya Payments, the "Himalaya Entities"), Celestial Tide Limited ("Celestial Tide"), G Fashion, G Fashion Hold Co A Limited ("G Fashion A"), G Fashion Hold Co B Limited ("G Fashion B"), G Fashion International Limited ("G Fashion International"), G Fashion Media Group Inc. ("G Fashion Media"), GF IP LLC ("GF IP"), GF Italy LLC ("GF Italy"), GFNY Inc. ("GFNY"), Major Lead International Limited ("Major Lead"), and William Je. All Defendants other than William Je are the "Entity Defendants".

[3]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Trustee's initial *Notice Regarding Court's May 28, 2026 Order*.

4.      After receiving counsel's June 2 email, the Trustee provided a data upload link to counsel via the Trustee's discovery vendor, UnitedLex.  Based on counsel's statements in his email, the Trustee expected this "new production" would consist of additional responsive non-privileged documents and communications being produced as a result of the Defendants' privilege review. The Trustee did not expect, nor was he ever told, that the Defendants would produce the Document Search Information via a document production to the Trustee's discovery vendor, which would be a highly unusual and inefficient way to proceed given that such information would ordinarily be served by email, as it has been in the past.  The Trustee's vendor provided the Defendants a data upload link at approximately 6:22 p.m. ET on June 2.

5.      On Wednesday, June 3, the Parties exchanged drafts of a confidentiality stipulation in connection with the proposed deposition of William Je, but they did not reach agreement on all terms of the draft confidentiality stipulation.  The Trustee received no notice, documents, or information relating to the Document Search Information or amended verifications on June 3 or before 10 a.m. ET on June 4, by e-mail or otherwise.

6.      As of the time of this filing, and after further inquiry, the Trustee understands that around 5 p.m. ET on June 3, Defendants uploaded their supplemental document production to the ShareFile link provided by UnitedLex, and with the supplemental production of documents, Defendants included their amended verifications and certain Document Search Information.  The production of documents was not loaded to UnitedLex's document review platform, however, until approximately 9:00 p.m. on June 4.   This timing was communicated by email by UnitedLex to *both the Trustee's and the Defendants' counsel at approximately 9:16 p.m. ET on June 4,* and thus the Defendants' counsel was aware that the information was not made available to the Trustee until, at the earliest, the evening of June 4.  In any case, regardless of when the upload of the

Defendants' document production to the database occurred, the Trustee's counsel did not actually receive and become aware of the Document Search Information until the Defendant submitted its filing with the Court early this morning, attaching such information.

7.   The Trustee is currently in the process of reviewing the Defendants' supplemental production of approximately 3,864 files, and more than 44,000 pages,[4] as well as the Document Search Information.   Unfortunately, due to the Defendants' failure to clearly communicate with the Trustee and timely provide the Document Search Information to his counsel by email, the Trustee was unable to address any deficiencies by June 4, as the Court had instructed.

8.   The Trustee expects to file a further response early next week addressing the extent to which the Defendants have complied (or failed to comply) with the Court's May 28 Discovery Order.  The Trustee respectfully requests that the Court withhold entering further orders addressing these matters pending the Trustee's further response.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

---

[4]   Defendants assert that closer to approximately 56,000 pages of material were produced to the Trustee.  The difference in document count and number of pages is likely due to data processing, and the Trustee intends to confer with Defendants to ensure that he is in receipt of the entirety of the supplemental production.

4

Dated:    June 5, 2026          LUC A. DESPINS,
          New Haven, Connecticut    CHAPTER 11 TRUSTEE

By: /s/ *Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------- x
In re:                                          :
                                                :   Chapter 11
HO WAN KWOK, et al.,¹                           :
                                                :   Case No. 22-50073 (JAM)
                    Debtors.                     :   (Jointly Administered)
-------------------------------------------------------- x
LUC A. DESPINS, CHAPTER 11                       :
TRUSTEE,                                         :
                    Plaintiff,                   :
v.                                               :   Adv. Proceeding No. 24-05249
                                                :
ACA CAPITAL GROUP LIMITED, et al.,              :
                    Defendants.                  :
-------------------------------------------------------- x
```

**CERTIFICATE OF SERVICE**

The foregoing was filed on the date hereof using the Court's case management/electronic

case files ("CM/ECF") system on the public docket in the above-captioned adversary proceeding

(the "Adversary Proceeding").  Notice of the version filed on the public docket was sent by email

immediately upon filing to all appearing parties in this Adversary Proceeding by operation of the

CM/ECF system.

Dated:     June 5, 2026
           New Haven, Connecticut

                                        By: /s/ *Patrick R. Linsey*
                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 781-2847 plinsey@npmlaw.com

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
        Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
        LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
        for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
        Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
        of notices and communications).