**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | Adv. Pro. No. 24-05249 |
| v. | |
| ACA CAPITAL GROUP LTD., HIMALAYA INTERNATIONAL CLEARING LTD., HIMALAYA INTERNATIONAL FINANCIAL GROUP LTD., HIMALAYA INTERNATIONAL RESERVES LTD., HIMALAYA INTERNATIONAL PAYMENTS LTD., AND HIMALAYA CURRENCY CLEARING PTY LTD., *et al.*, | |
| Defendants. | |

**MOTION OF CHAPTER 11 TRUSTEE FOR SUMMARY JUDGMENT ON SEVENTEENTH, EIGHTEENTH, NINETEENTH, TWENTIETH, TWENTY-FIRST, AND TWENTY-SIXTH CLAIMS OF AMENDED COMPLAINT**

Luc A. Despins, in his capacity as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), respectfully moves that, pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"), made

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

applicable to the above-captioned adversary proceeding (this "Adversary Proceeding") under Rules 7001 and 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court enter summary judgment in favor of the Trustee on the Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, and Twenty-Sixth Claims of the *Amended Complaint of Chapter 11 Trustee for Estate of Ho Wan Kwok, Pursuant to Bankruptcy Code Sections 541, 542, and 544, Seeking (I) Declaratory Judgment That Certain Entities are Alter Egos Of Debtor and (II) Related Relief* (the "Amended Complaint") [Adv. Proc 24-05249, ECF No. 106], in substantially the form annexed hereto as **Exhibit 1** (the "Proposed Judgment").

**RELIEF REQUESTED**

1. By this Motion, the Trustee respectfully requests that the Court grant summary judgment in his favor on the Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, and Twenty-Sixth Claims of the Amended Complaint.

2. The reasons for the relief requested herein are set forth in the accompanying *Memorandum of Law in Support of Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Summary Judgment* (the "Memorandum of Law"), the *Declaration of Nicholas A. Bassett in Support of Motion of Chapter 11 Trustee for Summary Judgment* (the "Bassett Declaration"), the *Declaration of Adam Lomas in Support of Motion of Chapter 11 Trustee for Summary Judgment* (the "Lomas Declaration" and, together with the Barron Declaration, the "Declarations"), and the *Local Rule 56(a)(1) Statement of Undisputed Material Facts* (the "Statement of Undisputed Material Facts" or "SUF"), all of which are being filed concurrently herewith.

3. There are no material facts in dispute that would preclude the Court from granting summary judgment in favor of the Trustee.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR RELIEF REQUESTED

6. In support of this Motion, the Trustee relied upon and incorporates by reference: (i) the Amended Complaint; (ii) the Memorandum of Law; (iii) the Declarations; and (iv) the Statement of Undisputed Material Facts.

## JUDGMENT SHOULD ENTER IMMEDIATELY ON SUBJECT CLAIMS

7. Pursuant to Civil Rule 54(b), made applicable to this Adversary Proceeding by Bankruptcy Rule 7054, there is no just reason for delaying entry of a final order on the Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, and Twenty-Sixth Claims of the Amended Complaint, because this Motion will fully resolve the Trustee's claims as to the alter ego shell companies at issue and this Motion in filed in accordance with the Court's *Procedures and Scheduling Order on Motion for Summary Judgment* [Adv. Proc 24-05249, ECF No. 325] authorizing the filing of this Motion on the subject claims.

## RESERVATION OF RIGHTS

8. The Trustee reserves his right to introduce evidence in support of the Motion at or prior to the hearing on the Motion. The Trustee will serve a copy of this Motion, the accompanying Memorandum of Law, Declarations, and the Statement of Undisputed Material Facts on all defendants and counsel for the defendants. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be provided.

## NO PREVIOUS REQUEST

9. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Trustee respectfully requests entry of the Proposed Judgment granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: August 7, 2026
New York, New York

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: *<u>/s/ Nicholas A. Bassett</u>*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Douglass E. Barron (admitted *pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com
alexbongartz@paulhastings.com

*and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

# **EXHIBIT 1**

**Proposed Judgment**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | Adv. Pro. No. 24-05249 |
| v. | |
| ACA CAPITAL GROUP LTD., HIMALAYA INTERNATIONAL CLEARING LTD., HIMALAYA INTERNATIONAL FINANCIAL GROUP LTD., HIMALAYA INTERNATIONAL RESERVES LTD., HIMALAYA INTERNATIONAL PAYMENTS LTD., AND HIMALAYA CURRENCY CLEARING PTY LTD., *et al.*, | |
| Defendants. | |

**[PROPOSED] JUDGMENT IN FAVOR OF CHAPTER 11 TRUSTEE ON SEVENTEENTH, EIGHTEENTH, NINETEENTH, TWENTIETH, TWENTY-FIRST, AND TWENTY-SIXTH CLAIMS OF AMENDED COMPLAINT**

Summary judgment having been granted in favor of Luc A. Despins, as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), by order dated ____________ [Dkt. No. __] (the "Summary Judgment Order") on the Seventeenth, Eighteenth,

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Nineteenth, Twentieth, Twenty-First, and Twenty-Sixth claims for relief in the *Amended Complaint of Chapter 11 Trustee for Estate of Ho Wan Kwok, Pursuant to Bankruptcy Code Sections 541, 542, and 544, Seeking (I) Declaratory Judgment That Certain Entities are Alter Egos Of Debtor and (II) Related Relief* [Dkt. No. 106] (the "Amended Complaint") in the above-captioned adversary proceeding, in accordance with Rules 54(b) and 58(a) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rules 7054 and 7058 of the Federal Rules of Bankruptcy Procedure, a judgment enters as follows:

1. With respect to the Seventeenth Claim of the Amended Complaint, pursuant to sections 541, 542, and 544 of Title 11 of the United States Code (the "Bankruptcy Code"), it is hereby ORDERED AND DECREED THAT:

a. all ownership interests in Himalaya International Financial Group Limited, and Himalaya International Financial Group Limited's assets (including, without limitation, all property, rights, interests, and privileges) (the "Assets"), are and were at all relevant times property of the Debtor or the Debtor's bankruptcy estate (the "Estate"), as applicable;

b. all ownership interests and all related rights of corporate control in Himalaya International Financial Group Limited, and Himalaya International Financial Group Limited's Assets, shall be immediately turned over and/or surrendered to the Trustee; and

c. the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Himalaya International Financial Group Limited.

2. With respect to the Eighteenth Claim of the Amended Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, it is hereby ORDERED AND DECREED THAT:

a. all ownership interests in Himalaya International Reserves Limited, and Himalaya International Reserves Limited's Assets, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b. all ownership interests and all related rights of corporate control in Himalaya International Reserves Limited, and Himalaya International Reserves Limited's Assets, shall be immediately turned over and/or surrendered to the Trustee; and

c. the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Himalaya International Reserves Limited.

3. With respect to the Nineteenth Claim of the Amended Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, it is hereby ORDERED AND DECREED THAT:

a. all ownership interests in Himalaya International Clearing Limited, and Himalaya International Clearing Limited's Assets, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b. all ownership interests and all related rights of corporate control in Himalaya International Clearing Limited, and Himalaya International Clearing Limited's Assets, shall be immediately turned over and/or surrendered to the Trustee; and

c. the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Himalaya International Clearing Limited.

4. With respect to the Twentieth Claim of the Amended Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, it is hereby ORDERED AND DECREED THAT:

a. all ownership interests in Himalaya International Payments Limited, and Himalaya International Payments Limited's Assets, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b. all ownership interests and all related rights of corporate control in Himalaya International Payments Limited, and Himalaya International Payments Limited's Assets, shall be immediately turned over and/or surrendered to the Trustee; and

c. the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Himalaya International Payments Limited.

5. With respect to the Twenty-First Claim of the Amended Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, it is hereby ORDERED AND DECREED THAT:

a. all ownership interests in Himalaya Currency Clearing Pty Ltd., and Himalaya Currency Clearing Pty Ltd.'s Assets, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b. all ownership interests and all related rights of corporate control in Himalaya Currency Clearing Pty Ltd., and Himalaya Currency Clearing Pty Ltd.'s Assets, shall be immediately turned over and/or surrendered to the Trustee; and

c. the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Himalaya Currency Clearing Pty Ltd.

6. With respect to the Twenty-Sixth Claim of the Amended Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, it is hereby ORDERED AND DECREED THAT:

a. all ownership interests in ACA Capital Group Ltd., and ACA Capital Group Ltd.'s Assets, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b. all ownership interests and all related rights of corporate control in ACA Capital Group Ltd., and ACA Capital Group Ltd.'s Assets, shall be immediately turned over and/or surrendered to the Trustee; and

c. the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in ACA Capital Group Ltd.

7. For the avoidance of doubt, to the extent that this judgment describes Assets of or held by an entity or individual, such shall include any Assets of or held by a third party for the benefit of such entity or individual, including, without limitation, by agents, counsel, and/or present or former direct or indirect nominal owners.

8. The Trustee is authorized to take all actions necessary or appropriate to effectuate this Judgment.

9. This judgment is effective immediately, and no stay pursuant to Rule 7062 of the Federal Rules of Bankruptcy Procedure shall be effective, and the Court hereby waives any limitations set forth in Rule 7062 of the Federal Rules of Bankruptcy Procedure on the Trustee's ability to enforce this judgment upon its entry.

10. The Trustee is authorized to act, as the Estate's foreign representative, in any foreign country on behalf of the Estate in any way permitted by applicable foreign law for the purpose of effectuating this judgment. In furtherance of the Trustee's exercise of such authority the Court respectfully requests the expedited assistance of the foreign courts with respect to the Trustee's efforts to effectuate this judgment including with respect to the rectification of corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests identified herein as property of the Estate.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Judgment.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | Adv. Pro. No. 24-05249 |
| v. | |
| ACA CAPITAL GROUP LTD., HIMALAYA INTERNATIONAL CLEARING LTD., HIMALAYA INTERNATIONAL FINANCIAL GROUP LTD., HIMALAYA INTERNATIONAL RESERVES LTD., HIMALAYA INTERNATIONAL PAYMENTS LTD., AND HIMALAYA CURRENCY CLEARING PTY LTD., *et al.*, | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 7, 2026, the foregoing Motion for Summary Judgment, and all declarations, exhibits and attachments thereto, including the accompanying Memorandum of Law, Declarations, and the Statement of Undisputed Material Facts, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

captioned adversary proceeding by operation of the Court's electronic filing ("CM/ECF") system. Parties may access this filing through the Court's CM/ECF system.

Dated: August 7, 2026
New York, New York

By: */s/ Douglass E. Barron*

Douglass E. Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com